UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80018-CIV-COHN/SELTZER

MARYANN SILVESTRI,

    Plaintiff,

v.

JUPITER INLET COLONY, FLORIDA,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 14] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 17], and Defendant's Reply [DE 18], and is otherwise advised in the premises.

### I.   BACKGROUND

This case arises out of discrimination and retaliation which Plaintiff Maryann Silvestri allegedly suffered at the hands of Defendant Jupiter Inlet Colony (the "Town") and its personnel. As of September 18, 2012, Silvestri worked for the Town as a detective. DE 9 ¶ 6. Silvestri alleges that she rebuffed the romantic advances of a superior officer, resulting in a hostile work environment. Id. ¶¶ 8–11. Silvestri alleges that the officer then falsely accused her of having an affair with the Town's Chief of Police. Id. ¶ 12. Silvestri complained to the Town about the officer's misconduct, and also expressed concerns about another coworker's sexual relationships with Town residents. Id. ¶¶ 14–15. Silvestri alleges that the Town fired her instead of investigating her concerns. Id. ¶ 16. Silvestri commenced her action on this basis, asserting various claims for harassment, retaliation, and discrimination. Id. ¶¶ 22–61. Silvestri also alleges

that the Town violated her rights under the First Amendment to the United States Constitution by firing her for her complaints about her coworker's sexual relationships with Town residents. Id. ¶¶ 61–68. In the Motion, the Town has moved to dismiss only Silvestri's First Amendment claim, arguing that she had no First Amendment rights in the subject speech because it arose from her status as a public employee. DE 14.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III. DISCUSSION

The Eleventh Circuit has stated that a public employee's speech benefits from First Amendment protection "only when the employee spoke as a citizen on a matter of public concern." Brown v. Sch. Bd. of Orange Cnty., 459 F. App'x 817, 820 (11th Cir. 2012) (per curiam). A public employee does not speak as a "citizen" when he makes a statement pursuant to his official duties. Abdur-Rahman v. Walker, 567 F.3d 1278, 1283 (11th Cir. 2009). Factors to consider in determining whether an employee spoke pursuant to his official duties "include an employee's job description, whether the speech occurred at the workplace, and whether the speech concerns the subject matter of the employee's job." Brown, 459 F. App'x at 820. "Speech addresses a matter of public concern when the speech can be fairly considered as relating to any matter of political, social, or other concern to the community." Fikes v. City of Daphne, 79 F.3d 1079, 1084 (11th Cir. 1996) (internal quotation marks omitted).

Here, the Town contends that, "although the subject of Silvestri's speech may serve as a matter of public concern," her complaints that another member of the police department was having inappropriate sexual relationships with Town residents do not merit First Amendment protection. DE 18 at 3. Because Silvestri made the relevant statements to the Town, as a Town employee, and not to the public, the Town argues that she did not speak as a "citizen." Id. The Town further notes Silvestri's concession that she voiced her concerns "[d]uring the course of her employment." DE 9 ¶ 62. Finally, the Town suggests that Silvestri spoke as a public employee, not a citizen, because her decision to speak out was motivated partly by her concern for the Town and its police force. DE 14 at 3.

However, that speech occurred in the workplace, even when it relates to matters touching upon the speaker's job, is not dispositive of whether the speaker was acting as a citizen or a public employee. Garcetti v. Ceballos, 547 U.S. 410, 420–21 (2006); Gonzalez v. Lee Cnty. Hous. Auth., 161 F.3d 1290, 1296–98 (11th Cir. 1998). The Town may ultimately establish over the course of litigation that Silvestri's speech is not entitled to First Amendment protection by eliciting facts such as the contours of Silvestri's job description, and the precise manner and content of her allegedly protected speech. See Brown, 459 F. App'x at 820. Construing all facts in Silvestri's favor, however, the Court cannot conclude on the basis of the pleadings that Silvestri did not speak as a citizen when she voiced concerns of her coworker's misconduct to the Town.

It is accordingly **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 14] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of March, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF